# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

CHARLES GALLOWAY                                        PLAINTIFF

V.                                                     NO. 3:08CV134-P-S

UNION COUNTY JAIL, et al.                            DEFENDANTS

## REPORT AND RECOMMENDATION

On November 2, 2009, the Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, Galloway claimed that he was held in the "drunk tank" at the Union County Jail without running water and that while others were being served meals he was served only sandwiches. Upon further questioning from the court, Galloway elaborated that he was in the "drunk tank" for four or five days beginning approximately January 8, 2007. During the hearing, it became apparent that the "drunk tank" was used for punishment or to segregate a disruptive inmate. At the *Spears* hearing, Galloway also added that "Nancy Bell," who has not been named a defendant in this matter, gave him a razor blade and persuaded the Plaintiff to harm himself.

As to the Defendants Audare, the Plaintiff alleged that he was verbally threatened by them. Specifically, the Plaintiff claims that the Audares made predictions about the possible length of the sentence that the Plaintiff would receive for his crimes. The Plaintiff further contends that the Audares also persuaded him to harm himself.

**Proper Party**

Rule 17(b) of the Federal Rules of Civil Procedure governs the determination of the capacity to sue and be sued. It provides that for an entity such as the Union County Jail the capacity to sue or be sued is determined by the law of the state in which the district court sits. This court, therefore,

must look to the law of Mississippi to determine if the Union County Jail is an entity subject to suit. In Mississippi, a Sheriff's Department does not enjoy a separate legal existence, apart from the county. *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006) (a Sheriff's Department is not a political subdivision for purposes of the Mississippi Tort Claims Act and the case against it was properly dismissed). Like a sheriff's department, a county jail is not a separate legal entity and is similarly entitled to immunity. *Turner v. Upton County*, 915 F.2d 133 (5th Cir. 1990); *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991); *Whiting v. Tunica County Sheriff's Dept.*, 222 F. Supp. 2d 809 (N.D. Miss. 2002), overruling recognized on other grounds in *Montgomery v Mississippi*, 498 F. Supp. 2d 892 (S.D. Miss. 2007) (the sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county (*citing Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir.1991)). The Union County Jail is not a proper defendant in a § 1983 civil action and should be dismissed.

### Verbal Threats

It is well settled that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Verbal threats or unprofessional conduct by a guard is not worthy of § 1983 relief. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Threatening language and gestures from a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Therefore, Galloway's claims that the Audares threatened him by predicting a lengthy sentence are not actionable and should be dismissed.

### General Conditions

Federal courts are permitted to "pierce the veil" of a prisoner's *in forma pauperis* complaint reviewing "factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Complaints about prison conditions are analyzed under the Eighth Amendment which prohibits cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59

(1981). The Eight Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S. Ct. 417, 107 L. Ed. 2d 382 (1989) (citations omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e)*; Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005).

Here, the Plaintiff complains that he was in a drunk tank for approximately four or five days without running water and being served only sandwiches. The Plaintiff does not aver that he was completely denied any water. Moreover, the Plaintiff did not allege any injury suffered as a result of being exposed to these conditions. Despite being given ample opportunity to clarify or expand upon his allegations, the Plaintiff failed to set forth any further detail.

It has been held that a "filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978). In *Alexander v. Tippah County, Miss*, 351 F.3d 626 (5th Cir. 2003), the Court upheld the district court's grant of summary judgment where the inmate was held in isolation for twenty-four hours without running water, no toilet and only a concrete bed and nearly no clothing. The *Alexander* Court decided the case, however, by finding that despite the sparse conditions, the Plaintiff had suffered no actionable injury. *Id.* at 631. Such is the case here. The "drunk tank" was used to segregate a disruptive inmate. The Plaintiff admittedly was placed in the holding cell for fighting with a guard. The

minimal cell or drunk tank was not intended be comfortable.  Furthermore, his displeasure regarding the sandwiches does not implicate the Constitution.  *Cf. Cooper v. Sheriff, Lubbock County, Tx.*, 929 F.2d 1078 (5th Cir. 1991) (prisoner was not fed any food for twelve consecutive days was sufficient to state a claim).  Notwithstanding the meager conditions, the Plaintiff did not alleged any physical injury as a result of the punitive segregation.  Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

## Conclusion

Upon review of the complaint in this case and the testimony offered at the *Spears* hearing, it is clear that the Plaintiff does not present the court with an arguably valid legal claim, and as such, it is legally frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  Cases brought by a plaintiff proceeding *in forma pauperis* that are based upon indisputably meritless legal theories are properly dismissed pursuant to 28 U.S.C. § 1915(d).  It is the recommendation of the undersigned, therefore, that this case be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.  The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 5th day of November, 2009.

                                                /s/ Dave Sanders
                                            UNITED STATES MAGISTRATE JUDGE